IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VELIA J. FUENTES                                                                                  PLAINTIFF

V.                                           NO. 14-5325

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Velia J. Fuentes, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.

**I.      Procedural Background:**

Plaintiff filed her current applications for DIB and SSI on December 16, 2011, alleging an inability to work since February 1, 2011, due to diabetes, kidneys, eye sight, and left leg. (Tr. 147-156, 181, 185).

By written decision dated July 19, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – insulin dependent diabetes mellitus with proliferative retinopathy and renal insufficiency, and obesity. (Tr. 13). However, after reviewing all of the evidence presented,  the ALJ

1

determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> Perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is unable to perform jobs which involve repetitive fingering and handling but could perform jobs requiring frequent fingering and handling.

(Tr. 14). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform her past relevant work as a waitress and childcare worker. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 20, 2014. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9-11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply

2

because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the

Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.     Discussion:

Plaintiff raises the following issues in this matter:   1) The ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2)The ALJ erred in his credibility analysis; 3) The ALJ erred in his RFC determination when finding Plaintiff could perform light work and her past relevant work; 4) The ALJ erred in failing to fully and fairly develop the record. (Doc. 9).

#### A.  Consideration of Plaintiff's impairments in combination:

Plaintiff argues that the ALJ did not consider her allegations of bladder pain and infections, hand and leg problems, pelvic pain, low back pain, shoulder pain, headaches, difficulty sleeping, and her obesity.  In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'"   (Tr.12).   He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  (Tr.12).   The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings.  (Tr.12). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments.   (Tr.14). This language demonstrates that the ALJ considered the

4

combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

### B. Credibility Analysis:

Plaintiff argues that the ALJ disregarded Plaintiff's subjective complaints of pain and offered no explanation for why he found her testimony not to be credible. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible for the reasons explained in his decision. (Tr. 16). The ALJ noted that she was able to care for her two small daughters, take them to and from school and school activities and help them with their personal care; go to fun parks on weekends with her daughters and nieces; and attend church group every Tuesday. (Tr. 15). The ALJ also noted that Plaintiff was not compliant with her medications. (Tr. 16-17). "Failure to follow a

prescribed course of remedial treatment without good reason is grounds for denying an application for benefits." Brown v Barnhart, 390 F.3d 535, 540-541 (8th Cir. 2004)(citations omitted). Plaintiff contends she was not compliant because she could not afford the medications. However, there is no indication that she was ever denied treatment due to lack of finances, and there is no evidence that her treating physicians refused to provide her with treatment due to lack of money. In addition, the record reflects that Plaintiff was noncompliant with treatment from 2004 through 2012, when she had medical insurance through her ex-husband's insurance. (Tr. 38, 40).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**C.  RFC Determination:**

Plaintiff argues that the ALJ neglected to consider all of her physical impairments and failed to determine the physical and mental demands of Plaintiff's past relevant work, and that he erred in finding Plaintiff could perform a limited range of light work. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by

6

medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.  "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

In his decision, the ALJ noted that Plaintiff was diagnosed with diabetes in 1994, and was insulin dependent, and was also diagnosed with severe proliferative diabetic retinopathy in 2004, requiring panretinal laser treatment in both eyes. (Tr. 16).  He discussed her subsequent follow-up exams, and the fact that on exam in May of 2007, Plaintiff reported that her diabetes was under good control and her vision was 20/30-1 in the right eye and 20/25+1 in the left eye. (Tr. 16).  The ALJ further reported that Plaintiff's subsequent random blood sugar test was 585, and it was noted that she had very poorly controlled diabetes with medication noncompliance.  (Tr. 16). On December 2011, Plaintiff stated she had not been taking her Lantus. (Tr. 17).  The ALJ recognized that in April of 2012, Dr. Randel L. Saylor examined Plaintiff's eyes, and Dr. Saylor noted that Plaintiff's vision was correctable to 20/20 in both eyes.  The ALJ discussed Dr. Saylor's findings at length, noting that Dr. Saylor indicated her vision was "excellent" and that he opined that Plaintiff needed continuing care from a retinal specialists because of risk of further problems from the diabetes. (Tr. 17).  The ALJ also addressed the fact that records received subsequent to the hearing revealed Plaintiff was seen in May 2013 by Lature Hicks, APN, at the Free Clinic, to establish care, and medications were then prescribed for diabetes and hypertension. (Tr. 17).

The record contains a Case Analysis dated April 17, 2012, by Dr. Karmen Hopkins, who examined the records and concluded the medical records supported a physical rating of not severe. (Tr. 279). This assessment was affirmed by Dr. Steven Strode on June 26, 2012. (Tr. 310). In his decision, the ALJ found Plaintiff was more limited than determined by the state agency medical consultants. (Tr. 17). The ALJ recognized that Plaintiff had problems related to her diabetes, but was not persuaded that she was totally disabled and unable to perform work at a level consistent with his RFC. He stated further:

> There is evidence of noncompliance with medication, and indication that the claimant's blood sugars are controlled with medication. Most recent vision testing also revealed that her vision was excellent at the present time. Further, her activities of daily living support a finding that she is capable of work at the light level.

(Tr. 18).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's RFC determination that Plaintiff is capable of performing light work and her past relevant work as a waitress and childcare worker.

### D.  Failure to Fully and Fairly Develop the Record:

Plaintiff argues that the ALJ should have ordered a general physical examination or physical RFC Assessment to determine her limitations with her hands. The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue,

8

612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." Mans v. Colvin, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

In the May 1, 2013 record from the Free Clinic, there is no indication that Plaintiff had any upper extremity weakness. (Tr. 333). In the May 2, 2012 record from Northwest Medical Center, there is no indication that Plaintiff suffered from any extremity pain or neurological weakness. (Tr. 282). As noted by Defendant, the ALJ is not required to order a consultative evaluation of every alleged impairment. Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. l989).

The Court believes the existing medical sources contain sufficient evidence for the ALJ to make a determination, and that the ALJ did not fail to fully and fairly develop the record.

**IV. Conclusion**:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 18th day of November, 2015.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE